IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-1589-TFM |
| | ) | |
| JANET L. PRINGLE and KENNETH E. PRINGLE, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ORDER OF SALE**

The United States' motion for entry of default judgment having been granted, and the United States' federal tax liens against defendant Janet L. Pringle having attached to the real property described below, given that the "Pringle House," to which the real property is titled, is a fictitious name under which Janet L. Pringle does business, the Court ORDERS that:

The real property further described below is to be sold pursuant to 28 U.S.C. § 2001 in the manner set forth below:

1.     That federal tax liens encumber the below-described parcel of real property known as both 141 Griscom Street, Dawson, Pennsylvania and 206 Griscom & Railroad Street, Dawson, Pennsylvania (the "Real Property"). This property has the legal description of:

> All those two certain pieces, parcels or lots of land situate in the Borough of Dawson, Fayette County, Pennsylvania, bounded and described as follows:
>
> FIRST: All Lots of Nos. 301 and 31 and a part of Lot No. 32, as described

8733149.1

on the general plan of lots of the said Town of Dawson and more particularly bounded and described as follows: Beginning at a point on Griscom Street and near the Pittsburgh and Connellsville Railroad, now Baltimore & Ohio Railroad Company, a corner of Lot No. 30; thence with said Griscom Street, South 32 degrees 30 minutes West, 200.5 feet to a post, a corner of residue of Lot No. 32, formerly in the occupancy of Lydus C. Cochran; thence through said Lot No. 32 and along the line of said residue, South 50 degrees 29 minutes East, 100 feet to a stake ; thence with the same South 2 degrees 44 minutes West, 48 feet to a stake; thence South 79 degrees 36 minutes East, 25.08 feet to a stake; thence with the line of what was formerly Sycamore Alley, North 32 degrees 30 minutes East 242.55 feet to a post, near said railroad, corner of said Lot No. 30, thence parallel with said railroad, North 57 degrees 30 minutes West , 150.15 feet to the place of beginning.

CONTAINING 120 perches, more or less.

EXCEPTING AND RESERVING thereout and therefrom all that certain piece, parcel or lot of land beginning part of Lot No. 32 in the plan of Dawson Borough, more particularly bounded and described as follows: Beginning at a pin near the curb line of Griscom Street and the Baltimore & Ohio Railroad Company right of way; thence South 50 degrees 29 minutes East 100 feet to a pin; thence South 2 degrees 44 minutes East 28 feet to a sycamore tree; thence North 25 degrees 44 minutes East, 42.5 feet to a pin; thence North 61 degrees 31 minutes West, 101.6 feet to a pin, thence North 57 degrees 30 minutes West, 9 feet to a pin, the place of beginning. Constituting .029 of an acre.

SECOND: Part of Lot No. 32 in the plan of Dawson Borough, more particularly bounded and described as follows: Beginning at a pin near the curb and along Griscom Street, a distance of 200.6 feet from the corner of Griscom Street and the Baltimore & Ohio Railroad Company right of way; thence South 61 degrees 31 minutes East, 101.6 feet to a pin; thence North 22 degrees 39 minutes East, 11.5 feet to a pin; thence North 58 degrees 06 minutes West. 101.1 feet to a pin, the place of beginning, being a triangular lot containing .014 of an acre, as shown on a plan prepared by Thomas M. Zimmerman, Sr., Civil Engineer, on April 30, 1940 and of record in the aforesaid Recorder's Office in Plan Book 5, Page 221.

SUBJECT to the rights, privileges, easements, agreements, conditions, restriction and reservations as exist by virtue of prior recorded instruments.

2.	That the federal tax liens are foreclosed against the Real Property and that the property in its entirety is ordered sold;

3.	That the United States Marshal for the Western District of Pennsylvania or his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized under Title 28, United States Code, Sections 2001 and 2002, to offer for sale at public auction, the Real Property, with any improvements, buildings and appurtenances, thereunto pertaining;

4.	That the public auction referred to in paragraph 3, above, shall be held either on the premises themselves, at another appropriate location in Fayette County, Pennsylvania, or at the County Courthouse, in accordance with the provisions of Title 28, United States Code, Section 2001, the times thereof to be announced by the Marshal or the PALS; after the Real Property is advertised once a week for four consecutive weeks preceding the date fixed for its sale in a daily newspaper of general circulation in Fayette County, and by any other notice that the Marshal or the PALS in their discretion may deem appropriate;

5.	That any right, title, lien, claim or interest in the Real Property of the United States and of the defendants in this action is discharged upon sale of the Real Property and confirmation of the sale, as described in paragraphs 3, above, and 12, below;

6.	That the Marshal or the PALS is authorized, within its sole discretion, to set a minimum bid for the Real Property.  If the minimum bid is not met or exceeded,

the Marshal or the PALS or his representative may, without further action by the Court and under the terms and conditions in this order of sale, hold a new sale at public auction with or without a reduction of the minimum bid;

    7.    That the successful bidder(s) shall be required to deposit with the Marshal or the PALS, a minimum of twenty (20) percent of the deposit of his or her bid by certified check, made payable to the United States District Court for the Western District of Pennsylvania (U.S.D.C.W.D.P.A.) and indicating the case number on the first page of this order (2:10-cv-1589-TFM), or a cash deposit at the time of sale.  Before being permitted to bid at the sale, each bidder shall display proof to the Marshal or the PALS that the bidder is able to comply with this requirement.  No bids will be received from any person(s) who has not presented proof that, if he is the successful bidder(s), he can make the deposit required by this order of sale;

    8.    That the balance of the purchase price for the Real Property shall be tendered to the Marshal or the PALS by the successful bidder within 30 days following the date of sale in the form of a certified check payable to the United States District Court for the Western District of Pennsylvania (U.S.D.C.W.D.P.A.) and indicating the case number on the first page of this order (2:10-cv-1589-TFM).  In the event that the purchaser fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale (with any balance being distributed as described in paragraph 15 below) and the Real Property shall be re-offered for sale in accordance with the provisions this order;

9. That pending the sale of the Real Property, the Marshal or the PALS is authorized to have free access to the premises and to take any and all actions necessary to preserve the premises, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Real Property, until the deed to the Real Property is delivered to the ultimate purchaser of the Real Property;

10. The sale is made pursuant to 28 U.S.C. § 2001, and is made without right of redemption;

11. Within 30 days from the date this order is entered by the Court or from the date on which a copy of it is delivered to the persons occupying the Real Property, whichever is later, all persons occupying the Real Property shall (1) leave and vacate the Real Property permanently taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Real Property); (2) turn over the keys to the Real Property to the Marshal or the PALS; and (3) provide proof of current insurance.  If any person occupying the Real Property fails or refuses to leave and vacate the Real Property by the time specified in this order, the Marshal, or the PALS in coordination with the Marshal, to take all actions that are necessary to bring about the ejectment of those persons.  If any person fails or refuses to remove his or her personal property from the Real Property by the time specified herein, the personal property remaining on the Real Property thereafter is deemed forfeited and abandoned; and, the Marshal or the PALS is authorized to remove the personal property and

dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale with the balance being distributed as described in paragraph 15 below;

12. That the sale of the Real Property shall be subject to confirmation by this Court, and upon confirmation the Marshal or the PALS shall execute and deliver its deed, conveying the Real Property to the successful purchaser;

13. That, when the sale is confirmed by this Court, the Office of the County Clerk, County of Fayette, Pennsylvania shall cause transfer of the Real Property to be reflected upon that county's register of title;

14. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

15. After the sale is confirmed by this Court, the proceeds shall be distributed as follows:

    a. First, to the Internal Revenue Service or the United States Marshal to cover the expenses of the sale, including any expenses incurred to secure or maintain the Real Property pending sale and confirmation by the Court;

    b. Second, to Fayette County, Pennsylvania for any property taxes unpaid, matured and owing; and

    c. Third, to the United States Treasury (via instrument made payable to the "U.S. Treasury", and sent to Claire H. Taylor, Trial Attorney, U.S. Department of Justice, P.O. Box 227, Washington, D.C. 20044) for the unpaid federal tax liabilities for

which Janet L. Pringle is liable.

16.     The Court retains jurisdiction over this cause for purpose of entering all further orders as may be appropriate, including without limitation, deficiency and contempt of court judgments.

17.     The Clerk of Court is hereby ORDERED to accept checks for payment of the required deposit, the purchase price or any other amounts related to the sale of the Real Property, to deposit and maintain such funds in the Registry of the Court until the Court orders their distribution.

So Ordered this 23rd day of July, 2012.

                         s/Terrence F. McVerry
                         UNITED STATES DISTRICT JUDGE

8733149.1